## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **JONATHAN J. ROOKS,** | : | |
| | : | |
| **Petitioner,** | : | |
| **VS.** | : | **NO. 5:21-CV-00383-TES-MSH** |
| | : | |
| **SUPREME COURT OF GEORGIA,** | : | |
| | : | |
| **Respondent.** | : | |
| _____ | : | |

## ORDER

*Pro se* Petitioner Jonathan J. Rooks, an inmate presently incarcerated at the Washington State Prison in Davisboro, Georgia, has filed a document that was docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Petitioner has also filed an Amended Complaint (ECF No. 7) and three motions in support of these pleadings (ECF Nos. 2, 5, 6). In addition, Petitioner has filed a motion to recuse the district court judge assigned to this case, the Honorable Tilman E. Self, III (ECF No. 4). For the following reasons, each of Petitioner's motions shall be denied, and he will be required to recast his claims on the Court's standard form for a prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In addition, Petitioner will be required to pay the Court's $5.00 filing fee or file a motion to proceed *in forma pauperis* if he wishes to proceed with this case.

### ORDER TO RECAST AND TO SUBMIT MOTION TO PROCEED IFP

As noted above, Petitioner's original pleading in this action was docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983. Petitioner's filings, however,

appear to challenge his state court conviction.  *See, e.g.,* Mot. 1, 5, ECF No. 2 (stating that "[t]he Court of Georgia and their judges, especially those of their Supreme Court, misapplie[d] the Law relative to the pleadings for vacating void judgments" and seeking an order from this Court directing the state courts "to either reverse and remand with instructions to vacate said VOID convictions or enter an out-right reversal instanter because there is without question a shadow of a doubt that the evidence itself shows conspiracy and clear violations of" Petitioner's constitutional rights).  The United States Supreme Court "has held that a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (internal quotation marks omitted).  Rather, the prisoner "must seek federal habeas corpus relief (or appropriate state relief) instead." *Id.*  Petitioner's claims are thus more appropriately raised in a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

If Petitioner wishes to proceed with this action, he must therefore recast his petition using the Court's standard § 2254 form and submit it—with either payment of the $5.00 filing fee or a motion for leave to proceed *in forma pauperis* ("IFP")—within **FOURTEEN (14) DAYS** of the date shown on this Order.  The Clerk is **DIRECTED** to mail Petitioner copies of the appropriate forms for this purpose.  **Petitioner's recast habeas petition will supersede—or take the place of—the pleading documented as a Complaint (ECF No. 1) as well as the Amended Complaint (ECF No. 7) and the motions filed in support of Petitioner's claims (ECF Nos. 2, 5, 6).**  Thus, the Court will not look back to these documents to determine whether Petitioner has stated a

2

colorable claim for federal habeas corpus relief pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because Petitioner may include in his Recast Petition any facts or claims that he included in his previously-filed motions, those motions (ECF Nos. 2, 5, 6) are **DENIED as moot.** Petitioner is also advised that the characterization of his pleading as a habeas petition will subject any subsequent petition attacking the same conviction or sentence to the restrictive conditions that federal law imposes upon second or successive § 2254 applications. Petitioner should therefore include every possible constitutional error or deprivation entitling him to federal habeas corpus relief in his recast petition.

## MOTION FOR RECUSAL

Petitioner has also filed a motion seeking Judge Self's recusal and the assignment of this case to a three-judge panel. Mot. Recusal 1, ECF No. 4.[1] The statutory basis for Petitioner's motion is unclear, but the undersigned presumes Petitioner intends to seek recusal pursuant to 28 U.S.C. § 455.[2] This statute generally provides that a judge "shall

---

[1] Petitioner repeatedly requests to convene "A Three-Judge Court pursuant to 28 U.S.C.A. Sec. 2281 and 2282" in his pleadings, *see, e.g.,* Mot. 6, ECF No. 5, but these sections have been repealed.

[2] 28 U.S.C. § 144 also governs recusal, but it requires the moving party to file an affidavit stating that the judge has a personal bias or prejudice against a party and providing facts and reasons for the belief that bias or prejudice exists, and the affidavit must be "accompanied by a certificate of counsel of record stating that it is made in good faith." Petitioner has not filed such an affidavit, and this requirement is strictly enforced. *See, e.g., United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015) (finding that the court did not abuse its discretion by denying litigant's pro se motion for recusal under 28 U.S.C. § 144 because the affidavit did not meet the statute's procedural requirements); *see also Guthrie v. Wells Fargo Home Mortg.*, Civil Action No. 1:13-CV-4226-RWS, 2015 WL 1401660, at *2 (N.D. Ga. Mar. 26, 2015) (collecting cases and finding that

disqualify himself in any proceeding in which his impartiality might reasonably be questioned."   28 U.S.C. § 455(a).   The statute also enumerates certain other circumstances requiring a judge to disqualify himself. *Id.* at § 455(b)(1)-(5).   Petitioner appears to suggest that Judge Self is biased against him because he did not rule in Petitioner's favor in two previous actions filed by Petitioner that appear to be related to the allegations Petitioner has made in this case.  Mot. Recusal 1-3, ECF No. 4.

The standard under § 455(a) is objective and requires the Court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted).  In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted) (per curiam).  As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("[The bias] must derive from something other than

---

"[i]n light of the mandatory and automatic nature of recusal under [§ 144], its potential for abuse, and the availability of other statutory mechanisms pursuant to which an unrepresented litigant may seek the recusal of a federal judge, the absence of [a good faith] certificate has proven fatal to even the § 144 motions of *pro se* litigants").  As such, the Court will assume that Petitioner intended to proceed solely under § 455.

that which the judge learned by participating in the case.").  In this case, Petitioner has not pointed to any specific facts showing that any sort of extrajudicial bias existed, nor has Petitioner demonstrated that the Court's rulings exhibit "such a high degree of . . . antagonism as to make fair judgment impossible" or a bias toward Petitioner "so extreme as to display clear inability to render fair judgment." *See Liteky*, 510 U.S. at 551, 555.  It is clear that "[r]epeated rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice." *See Maret v. United States*, 332 F. Supp. 324, 326 (E.D. Mo. 1971).

28 U.S.C. § 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"  "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'"  *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)).  Again, Petitioner has failed to establish any personal or pervasive bias on the part of the Court, and Petitioner also fails to identify any specific "disputed evidentiary facts" of which the Court might have knowledge.  Any knowledge gained through the course of a judicial proceeding is not a "disputed evidentiary fact" that requires recusal.  *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999) (per curiam).  Instead, knowledge of disputed evidentiary facts must be gained through an extrajudicial source to warrant recusal.  *See id.*  Petitioner has not asserted that such knowledge exists here.  Accordingly, the fact that the Court did not

rule the way Petitioner wished in Petitioner's other cases, standing alone, cannot serve as a basis for recusal pursuant to 28 U.S.C. § 455(a) or (b)(1).

In sum, Petitioner's contentions that the Court has not ruled in his favor are not sufficient to merit recusal, and Petitioner has also failed to show that the Court harbors the type of pervasive bias or prejudice against Petitioner that would otherwise require recusal pursuant to 28 U.S.C. §§ 455(a) or (b)(1).  Petitioner's motion for recusal (ECF No. 4) is therefore **DENIED.**

## CONCLUSION

For the foregoing reasons, Petitioner's motion for recusal (ECF No. 4) is **DENIED,** and his remaining pending motions (ECF Nos. 2, 5, 6) are **DENIED as moot.** Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his Petition on the Court's standard forms and to either pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis*.  If Petitioner does not wish to now pursue habeas relief, he should notify the Court of this and/or withdraw his petition within **FOURTEEN (14) DAYS** of the date shown on this Order.  Petitioner is also directed to notify the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application.**  There will be no service of process in this case until further order.

**SO ORDERED**, this 6th day of December, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE